1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-Filed 4/14/09**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

SASCO, a California corporation,

             Plaintiff,

    v.

BRUCE BYERS,

             Defendant.

Case Number C 08-5641 JF (RS)

**ORDER[1] DENYING MOTION FOR
JOINDER AND TO REMAND AND
GRANTING MOTION TO DISMISS**

RE: Docket Nos. 12 & 13

     Plaintiff SASCO, Inc. ("SASCO"), an electrical construction and consulting firm, filed
this action on November 17, 2008 in the Santa Clara Superior Court, alleging that Defendant
and former employee Bruce Byers ("Byers") negligently misrepresented important aspects of
multiple SASCO projects, causing gross distortion of the accounting associated with those
projects. On December 18, 2008, Byers removed the action to this Court on the basis of
diversity. Currently pending before the Court are SASCO's motion to join a party and to
remand the action to the Santa Clara Superior Court, and Byers' motion to dismiss or stay the

---

[1] This disposition is not designated for publication in the official reports.

1  action.  SASCO moves to join an individual named Mike Jurewitz who allegedly lied to Byers

2  about the nature of one of the subject construction projects and who therefore is claimed to be

3  jointly and severally liable for SASCO's alleged losses from the project.  Because Jurewitz's

4  joinder would destroy diversity, SASCO also moves to remand the action.  Byers moves to

5  dismiss or stay the action on the grounds that it (1) is barred by the first-to-file rule, a doctrine

6  animated by principles of comity, and (2) asserts a compulsory counterclaim to claims pled by

7  Byers in another lawsuit.  For the reasons set forth below, SASCO's motion for joinder and to

8  remand will be denied, and Byers' motion to dismiss will be granted.

### I. BACKGROUND

9

10  On December 10, 2007, Bruce Byers and co-plaintiff Jon Woodworth ("the employees")

11  filed a complaint in the United States District Court for the Central District of California ("the

12  first-filed action") alleging that SASCO had (1) failed to pay certain employee benefits pursuant

13  to a benefit plan covered by the Employee Retirement Income Security Act ("ERISA"), (2)

14  failed to provide certain information required by ERISA, (3) failed to adhere to the requirements

15  of ERISA plan documents, and (4) breached its fiduciary duties under ERISA.  When the

16  employees filed a motion for summary judgment, SASCO opposed the claim for failure to pay

17  ERISA benefits on the sole ground that the company was entitled to offset any ERISA liability

18  against damages flowing from alleged wrongdoing by the employees.  SASCO claimed that it

19  had suffered damages as a result of (1) both employees' alleged overstatement of profits on

20  construction projects which they oversaw while working as senior management personnel at

21  SASCO, and (2) Byers' work on contracts for the Lawrence Berkeley National Laboratory

22  Building ("the LBNL job") and for an entity known as Valley Specialty ("the Valley Specialty

23  job").

24  Although SASCO failed to plead any affirmative defense or counterclaim asserting an

25  offset entitlement, the court in the first-filed action entertained the offset argument and denied

26  the employees' summary judgment motion as to their claim for failure to pay benefits on the

27  ground that the employees were unable to show definitively that the offset claim had been

28

2

waived.[2]  In light of this ruling, the court vacated the impending trial date and granted SASCO

an opportunity to allege the offset in an answer to the employees' first amended complaint.  On

January 15, 2009, SASCO filed an amended answer to the operative complaint in the first-filed

action, in which it asserted counterclaims based on the employees' alleged inflation of profits in

connection with multiple unnamed construction jobs.  Four weeks prior to filing its

counterclaims, however, SASCO filed the instant action against Byers and a second free-

standing action against Woodworth in the Superior Court of Orange County.  In the instant

action, SASCO alleges all of the conduct that it raised as the basis for offset liability in its

opposition to the employees' summary judgment motion, including the allegedly improper bids

for the LBNL and Valley Specialty jobs.  The only difference between SASCO's claims in the

two actions appears to be that in this federal action SASCO seeks greater damages and explicitly

bases its claims on alleged wrongdoing in connection with the LBNL and Valley Specialty jobs.[3]

## II. JOINDER AND REMAND

**A.    Legal Standard**

Where a plaintiff seeks to add a defendant whose presence would destroy diversity in a

properly removed action, a court may either (1) deny joinder or (2) permit joinder and remand

the action.  28 U.S.C. § 1447(e); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.

1998).  In deciding whether to permit joinder under 28 U.S.C. 1447(e), the Court should

consider the following factors ("the 1447(e) factors"): (1) whether the party sought to be joined

is needed for just adjudication and would be subject to joinder under Federal Rule of Civil

Procedure 19(a); (2) whether the applicable statute of limitations would prevent the filing of a

new action against the defendant sought to be joined if the court denied joinder; (3) whether

there has been unexplained delay in seeking joinder; (4) whether joinder is sought for the sole

purpose of defeating federal jurisdiction; and (5) whether the claim against the new party

_____

[2] The court granted the motion with respect to the employees' claim for failure to provide
ERISA statements.

[3] As discussed below, however, the conduct underlying both the counterclaims in the
first-filed action and the claims in this action appears to be substantially identical.

appears to be valid. *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1990) (citations omitted).  Courts "look with particular care" at the fourth factor.  *Desert Empire Bank v. Insurance Co. of North Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980).

**B.   Discussion**

In the complaint presently at issue, SASCO alleges that Byers had been directed not to approve any project bids exceeding $500,000 or involving laboratory work if the projects would fall under the responsibility of Byers' subordinate, Mike Jurewitz.  In this lone reference to Jurewitz, SASCO alleges that Byers approved the LBNL project with Jurewitz as prospective supervisor even though the project contemplated laboratory work.  In support of its motion for joinder, SASCO now argues that, after filing the instant action in state court, it learned that Jurewitz purportedly misled Byers into believing that the LBNL project did not involve laboratory work, and that Jurewitz's role in the alleged wrongdoing supports his joinder.  The Court evaluates SASCO's motion under the 1447(e) factors.

**1. Rule 19(a)**

Rule 19(a) requires joinder of persons whose absence (1) would preclude the grant of complete relief, (2) would impede such persons' ability to protect their interests, or (3) would subject any party to the danger of inconsistent obligations.  *See* Fed. R. Civ. P. 19(a); *Clinco*, 41 F. Supp. 2d at 1082.  SASCO's primary argument is that Jurewitz's purported joint and several liability for damages flowing from improper bidding of the LBNL job renders him a necessary party.  SASCO states that "if Jurewitz is not joined, the Court risks apportioning sole liability for Jurewitz's and Byers' actions to Byers."  While SASCO's argument reflects a laudable concern for Byers' welfare, the premise of the argument is flawed.  Tortfeasors facing joint and several liability are not parties who must be joined in a single lawsuit.  *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990).  Rather, because each tortfeasor is jointly and severally liable, the plaintiff may choose whom he wishes to sue; if the plaintiff elects to sue fewer than all defendants, those sued cannot compel joinder of the other tortfeasors.  *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 207 (D.C. Cir. 1981); *see also Bank of Am. v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1054 (3rd Cir. 1988).  In particular, a defendant's possible

1  right of reimbursement, indemnity, or contribution against an absent party is not sufficient to

2  make the absent party indispensable to the litigation. *Nottingham v. Gen. Am. Commc'ns Corp.*,

3  811 F.2d 873, 880 (5th Cir. 1987); *Field v. Volkswagenwerk A.G.*, 626 F.2d 293, 298 (3rd Cir.

4  1980). In the instant case, Byers may have a claim for reimbursement, indemnity, or

5  contribution against Jurewitz, but the case law makes clear that such a claim, even if implicating

6  the same set of facts, does not render a party necessary or indispensable. Accordingly, this

7  factor does not support SASCO's position.

8      **2. Statute of limitations**

9      In opposing SASCO's motion, Byers argues that the second 1447(e) factor favors denial

10  of joinder because the statute of limitations for a negligent misrepresentation claim is two years.

11  Byers points out that the two-year period would have expired even before SASCO filed its state

12  court complaint. In its reply papers, SASCO argues that the relevant statutory provisions are

13  California Code of Civil Procedure § 338, which provides a three-year limitations period for

14  claims of fraud and mistake, and for delayed accrual based on the party's discovery of the

15  alleged fraud, and § 339, which provides a two-year limitations period for claims of breach of

16  oral contract and a similar delayed accrual provision in cases of fraud.

17      The parties' citation to wholly different provisions of law highlights a fundamental defect

18  in SASCO's motion, which is that neither Byers nor the Court has any idea what claims SASCO

19  intends to bring since SASCO has not filed a proposed amended complaint, moved for leave to

20  file such a complaint, or otherwise indicated what precisely it intends to allege with respect to

21  Jurewitz. Thus, the Court is puzzled by SASCO's statement that it "seeks to join Jurewitz

22  because its *allegations of fraud against him* necessitate his joinder." There are no such

23  allegations in any pleading in the record, and without them, the Court hardly can conclude that

24  the second § 1447(e) factor favors SASCO. Indeed, the procedural impropriety of SASCO's

25  attempt to join a party without providing any allegations regarding the nature of that party's

26  alleged liability supports Byers' position. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691

27  n.2 (9th Cir. 1998) (noting district court's observation that the proper procedure for remand

28  based on the joinder of a diversity-destroying defendant is first to amend the complaint to add

5

1    such a defendant and then to move to remand).[4]

2        **3. Unexplained delay**

3        Byers also argues that SASCO's motion should be denied because SASCO learned of

4    Jurewitz's alleged misrepresentation through Byers' deposition testimony given in October 2008

5    in connection with the first-filed action.  Counsel for Byers has submitted a declaration attesting,

6    indirectly, to SASCO's awareness of this deposition prior to filing the complaint in this action.

7    Counsel for SASCO explains that he did not attend Byers' deposition in the first-filed action,

8    which was and is being handled by a different law firm, and that he did not receive a transcript

9    of the deposition until January 9, 2009, several months after the complaint in this action was

10   filed.[5]  Faced with these dueling declarations, the Court is unable to interpret this factor as

11   supportive of either party's position.

12       **4. Motivation for filing**

13       Byers argues that SASCO's motion for joinder represents a transparent attempt to defeat

14   Byers' meritorious motion to dismiss this action.  Byers claims that counsel for SASCO devised

15   this scheme to prevent the Court from considering Byers' motion after the parties conferred on a

16   possible hearing date.  Byers' counsel represents that counsel for SASCO made no mention of a

17   motion for joinder and to remand at the time the parties conferred.  Counsel for SASCO states

18   that he obtained a hearing date before he knew of Byers' intent to file his motion.  Once again,

19   the Court is unable to resolve these disputed accounts of the litigation.  Nonetheless, as

20   suggested below in the discussion of Byers' motion to dismiss, the very filing of this action

21   suggests a bad-faith effort by SASCO to ensnare Byers in a thicket of overlapping and

22   duplicative proceedings.  Viewed in that light, the motion for joinder does appear to be tactical

23   in nature.  Thus, even without drawing any inferences specifically from the chronology of the

24   ———————————

25       [4] While SASCO's arguments suggest than a separate action at least could be filed against
     Jurewitz, the Court expresses no opinion as to the likelihood that SASCO would success in such
26   an action.

27       [5] By all appearances, the motion for joinder was filed on February 23, 2009.  However,
     the motion itself bears a date of February 9, 2009, and counsel for SASCO claims that this was
28   the date of filing.

Case No. C 08-5641 JF (RS)
ORDER DENYING MOTION FOR JOINDER AND TO REMAND AND GRANTING MOTION TO DISMISS
(JFLC3)

instant motions, the Court concludes that this factor supports denial of SASCO's motion for joinder.

### 5. Apparent validity of the claim

As already noted, the record contains no indication as to what claim(s), if any, SASCO intends to pursue against Jurewitz. The Court obviously is unable to assess the validity of these phantom claims.

### 6. Disposition

Viewing the factors as a whole, there is no reason to permit SASCO's proposed joinder of Jurewitz, and every reason to disallow it. Accordingly, the request for joinder and the associated motion to remand will be denied.

### III. DISMISSAL OR STAY

Byers argues that the instant action should be dismissed or stayed because (1) it purportedly duplicates the offset counterclaims that SASCO asserted as its sole opposition to summary judgment in the first-filed action, thus triggering the first-to-file rule, and (2) the claims asserted herein were required to have been pled as counterclaims to allegations in the first-filed action pursuant to Rule 13(a)'s compulsory counterclaim provision.

### A. Legal standards

#### 1. First-to-file rule

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc*., 678 F.2d 93, 94-5 (9th Cir. 1982). This doctrine, known as the first-to-file rule, "gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). The rule "serves the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979).

In applying the first-to-file rule, a court looks to three threshold factors: "(1) the

7

chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003).  The relevant lawsuits need only be substantially similar, rather than identical, to trigger the rule. *Best Western Intern., Inc. v. Mahroom*, No. CV 07-827-PHX-JAT, 2007 WL 1302749, at *2 (D. Ariz. May 3, 2007).  The first-to-file rule may not apply if the rule is invoked in bad faith, as an anticipatory suit, or as a vehicle for forum shopping," *Alltrade, Inc. v. Uniweld Products, Inc*., 946 F.2d 622, 622 (9th Cir. 1991), or where "the balance of convenience weighs in favor of the later-filed action," *Ward v. Follett Corp*., 158 F.R.D. 645, 648 (N.D. Cal. 1994).

### 2. Compulsory counterclaims

"Federal courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action."  *In re Crown Vantage, Inc.*, 421 F.3d 963, 973 n.7 (9th Cir. 2005) (citing *Cheiker v. Prudential Insurance Co.*, 820 F.2d 334 (9th Cir.1987)).  A compulsory counterclaim is one that arises from the same transaction or occurrence as the plaintiff's initial allegations.  Fed. R. Civ. P. 13(a).  To determine whether claims arise from the same transaction or occurrence, courts "apply the so-called 'logical relationship' test of Fed. R. Civ. P. 13(a)."  *In re Lazar*, 237 F.3d 967, 979 (9th Cir. 2001) (quoting *Pinkstaff v. United States*, 974 F.2d 113, 115 (9th Cir. 1992)).  "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant."  *Id*.  Thus, "'[t]ransaction' is a word of flexible meaning [and] . . . . may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."  *Id*. (quoting *Moore v. New York Cotton Exch*., 270 U.S. 593, 610 (1926)).

### B.   Discussion

The first factor relevant to the first-to-file analysis is chronology.  Here, the employees' initial action was filed more than eleven months before SASCO filed the instant action.  Moreover, while SASCO did file the instant action before asserting its counterclaims in the first-

8

1   filed action, the relevant allegations were put at issue in the first-filed action when SASCO

2   raised them in its opposition to the employees' motion for summary judgment and the court

3   denied the motion on that basis with respect to the ERISA benefit claims.  The first-filed action

4   is set for trial in August 2009.  Under these circumstances, any substantial overlap in the issues

5   supports deference to the proceedings in the first-filed action.  With respect to the similarity of

6   the parties, the instant action is functionally identical, as the absence of Woodworth has no

7   bearing on the resolution of the dispute between SASCO and Byers.  *See Gen. Prods. Mach.*

8   *Shop, Inc. v. Systematic Inc.*, No. CV-06-99-E-BLW, 2006 WL 2051737, at *1 (D. Idaho July

9   20, 2006) ("The parties in the two actions need not be identical for purposes of the first-to-file

10  rule, but there must be similarity or substantial overlap.").

11          In the instant case, application of the first-to-file rule turns principally on the similarity of

12  the issues.  SASCO characterizes the first-filed action as an "ERISA action" involving only

13  ERISA claims, while characterizing the instant action as a "multi-million dollar damages action"

14  based solely on Byers' alleged negligent misrepresentation.  SASCO states repeatedly that its

15  complaint in this action "neither refers to, nor alleges any causes of action under, ERISA."  The

16  question, however, is whether the *issues* raised in the two lawsuits–namely, by the offset

17  counterclaims in the first-filed action and by the allegations pled here–are similar.  As explained

18  below, the offset liability issues raised in the first-filed action not only are similar to the issues

19  raised here but essentially are identical to them.

20          As an initial matter, it is immaterial that the relevant issues ultimately were raised as

21  *counterclaims* in the first-filed action, rather than as original claims in the employees' own

22  complaint.  *See Big Dog Motorcycles, L.L.C. v. Big Dog Holdings, Inc.*, 351 F. Supp. 2d 1188,

23  1194 (D. Kan. 2005) ("[T]he relevant mirror-image actions for purposes of the first-to-file rule

24  are this lawsuit and the first amended counterclaims in the California lawsuit.").  The issues

25  were raised in SASCO's opposition to the employees' summary judgment motion and cited by

26  the Court as the sole reason for denying the ERISA benefits claim.  Thus, they were "pending"

27  in the first-filed action before they assumed that status in this Court.  SASCO argues nonetheless

28  that this action is distinct from the counterclaims pled in the first-filed action because the

9

1    counterclaims are premised solely on the employees' alleged overstatement of profits and

2    corresponding receipt of inflated bonuses, while the claims here encompass not only those

3    allegations but also Byers' allegedly improper bidding of the LBNL and Valley Specialty jobs.

4    This attempt to distinguish the two sets of allegations is unpersuasive for several reasons.

5         First, SASCO has not explained why it chose to assert all of the allegedly wrongful

6    conduct as justification for offsets in its opposition to the employees' motion for summary

7    judgment in the first-filed action but declined to plead all of that conduct explicitly in its

8    counterclaims.  The obvious explanation is that SASCO intended to facilitate the apparently

9    artificial distinctions that it now attempts to draw between the two lawsuits.  Second, the record

10   belies SASCO's claim that it does not seek relief in the first-filed action on the basis of alleged

11   wrongdoing in connection with the LBNL and Valley Specialty jobs.  While SASCO's

12   counterclaims in that action do not identify by name the construction jobs at issue, SASCO's

13   verified discovery responses, which have been placed in the record in the instant case,

14   demonstrate that SASCO is seeking an offset in the first-filed action based on allegations

15   regarding both the LBNL and Valley Specialty jobs.  *See* SASCO Interrogatory Responses, Nix

16   Decl., Ex. F, at 2:24-12:4 (identifying LBNL BLDG 67–the LBNL job–as one of multiple jobs

17   on which Byers' conduct allegedly damaged SASCO, giving rise to an offset); *id*., Ex. G, at

18   2:24-15:19 (listing the Valley Specialty job as a basis for the offset counterclaims).[6]

19        It appears that the only difference between the claims at issue here and the counterclaims

20   pled in the first-filed action is the extent of damages sought.  That is not a cognizable distinction

21   for purposes of the first-to-file rule.  *See Best Western Intern., Inc. v. Mahroom*, No. CV

22   07-827-PHX-JAT, 2007 WL 1302749, at *2 n.1 (D. Ariz. May 3, 2007) (noting that a party may

23   not "unnecessarily add[] a party or claim in a case involving the same transaction or occurrence

24   solely to defeat the first-to-file rule").  The earlier-filed litigation, in which SASCO asserted

25   offset counterclaims in order to defeat summary judgment, will require adjudication of

26   essentially the same issues raised by this lawsuit.  The subject claims and counterclaims

27   _____

28        [6] SASCO mistakenly referred to Woodworth instead of Byers in discovery documents
concerning the Valley Specialty job.

10

therefore are at least "substantially similar" to one another, as required to trigger the first-to-file rule. *See Mahroom*, 2007 WL 1302749, at *2; *see also Best Western Intern., Inc. v. Patel*, No. CIV 07-00807 PHX RCB, 2008 WL 608382, at *5 (D. Ariz. Mar. 3, 2008).

SASCO makes much of the district court's "discretion" not to apply the first-to-file rule based on "equitable" considerations.  Apart from the Ninth Circuit's admonition that the rule "should not be disregarded lightly," *Church of Scientology*, 611 F.2d at 750, SASCO has not even attempted to demonstrate how the equities favor its position.  Specifically, it has not provided any explanation for the filing of this separate and essentially duplicative action other to burden Byers.  For that reason, in exercising its discretion whether to stay, transfer, or dismiss the instant action in accordance with the first-to-file rule, the Court elects dismissal.[7]

### IV. CONCLUSION

For the foregoing reasons, SASCO's motion for joinder and to remand will be denied. Byers' motion to dismiss will be granted without prejudice to SASCO's counterclaims and affirmative defenses in the first-filed action.  The clerk shall close the file.

**IT IS SO ORDERED.**

DATED: 4/14/09

_____
JEREMY FOGEL
United States District Judge

---

[7] Accordingly, the Court need not reach Byers' argument that the allegations of the instant case could have been raised only as counterclaims in the earlier-filed action pursuant to Rule 13(a).

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This Order has been served upon the following persons:

Benjamin A. Johnson lawoffice@qjlaw.net, tnishiki@qjlaw.net

Daniel F. Fears dff@paynefears.com, cklinkhammer@paynefears.com

Jeffrey R. Cluett jcluett@qjlaw.net

Todd Christopher Bouton tcb@paynefears.com

Case No. C 08-5641 JF (RS)
ORDER DENYING MOTION FOR JOINDER AND TO REMAND AND GRANTING MOTION TO DISMISS
(JFLC3)